# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>BRAULIO BENAVIDEZ-DIAZ,<br><br>    Defendant. | CASE NO. 11cr1316 JM<br>CIVIL NO. 11cv1844<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. 2255 |

Pursuant to a plea agreement, Defendant Braulio Benavidez-Diaz ("Defendant"), a non-United States citizen, pleaded guilty to one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On August 5, 2011 the court, pursuant to the plea agreement, sentenced Defendant to 10 months' custody, followed by three years of supervised release, for the violation of 8 U.S.C. §§1326(a) and (b). Although not perfectly clear, Defendant contends that his rights to due process and equal protection of the laws have been violated because he cannot be housed in a "minimum security facility or community correctional center based on his deportation alien status." (Motion at p.1). For the reasons set forth below, the court summarily dismisses the motion brought pursuant to 28 U.S.C. § 2255 ("Motion").

## DISCUSSION

**28 U.S.C. §2255 Review**

Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is

1 not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving
2 party." In such an instance, the district court is not required to hold a hearing or to require a response
3 from the government. See 28 U.S.C. § 2255.

**Waiver of the Right to Collaterally Attack Sentence**

Defendant waived his right to collaterally attack his sentence. In the plea agreement defendant specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guidelines range recommended by the government. This waiver provision is enforceable to bar Defendant from seeking collateral relief because Defendant was sentenced within the guideline range. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). The plea agreement's language clearly embraces a waiver of any collateral attack on Defendant's sentence, including a § 2255 motion. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant waived his right to appeal an incorrect application of Sentencing Guidelines even though the plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless"). Furthermore, Defendant does not challenge the voluntariness of his waiver or otherwise inform the court of any other reason to invalidate his waiver. The record reflects that Defendant's waiver was knowing and voluntary. Accordingly, the court concludes that Defendant validly waived his right to collaterally attack his sentence and dismisses the Motion.

**Procedural Bar**

Even if Defendant had not waived his rights to raise these claims in a § 2255 proceeding, the alleged claims are procedurally defaulted. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to substitute for an appeal). A review of the record reveals that Defendant did not file a direct appeal and therefore he did not raise these claims on direct appeal. Defendant does not sufficiently allege any basis for finding that cause and prejudice exists to excuse the procedural default, nor does he allege that he is actually innocent. See Murray v. Carrier, 477 U.S. 478, 485 (1986). Accordingly, his failure to raise these claims on direct review results in the procedural default of these claims. Id. The Motion is dismissed.

**The Merits**

Defendant's exclusion from certain BOP programs as a consequence of his immigration status does not violate due process or equal protection. See McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999). In McLean, the plaintiffs claimed that the BOP violated their constitutional rights when it denied their requests for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) on the basis of the Immigration and Naturalization Service detainers lodged against each of them. The Ninth Circuit noted that the exclusion of inmates with detainers, found at 28 C.F.R. § 550.58 (1997), is based on the "BOP's conclusion that custodial considerations preclude prisoners with detainers from participating in a community-based treatment program." Id. at 1184 (citing 61 Fed.Reg. 25121). "The BOP reasoned that prisoners with detainers pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house." Id. The Ninth Circuit concluded that the BOP's reasoning was "rationally-based" and concluded that "the detainer exclusion is a valid exercise of the BOP's authority under the statute." Id.

The Ninth Circuit then turned to the plaintiff's equal protection argument. The court noted that the plaintiff "'must first show that the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group.'" Id. at 1185 (quoting United States v. Lopez-Flores, 63 F.3d 1468, 1472 (9th Cir. 1995)). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." McLean, 173 F.3d at 1185 (quoting Lopez-Flores, 63 F.3d at 1472). The court concluded that the plaintiffs had merely demonstrated that "the statute results in prisoners with detainers being treated differently from prisoners without detainers." McLean, 185 F.3d at 1186. The court explained that prisoners with detainers are not a suspect class and therefore applied a rational basis test. The court concluded that excluding prisoners with detainers from participating in the community-based treatment was a reasonable means of eliminating the risk of flight and therefore found the detainer exception survived constitutional scrutiny. Accordingly, Defendant is not entitled to relief under 28 U.S.C. §2255 and the Motion is dismissed.

1       Furthermore, the determination as to whether an inmate is eligible for participation in the
2 BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion
3 of the BOP. <u>See</u> 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense
4 remains in custody after successfully completing a treatment program may be reduced by the Bureau
5 of Prisons, but such reduction may not be more than one year from the term the prisoner must
6 otherwise serve"). As noted by the Supreme Court, § 3621(e)(2)(B) grants the BOP the discretion to
7 determine which inmates receive the benefit of early release. <u>Lopez v. Davis</u>, 531 U.S. 230 (2001).
8 Thus, it appears that Defendant is actually challenging the BOP's policy, and not his sentence. As
9 such a challenge is not within the scope of a motion brought under 28 U.S.C. §2255, the motion is
10 denied.       Finally, even if Defendant had asked at sentencing for a downward departure or
11 reduced sentence due to his status as a deportable alien, it would not have been granted. "[T]he
12 deportable status (of a defendant) may not be a ground for downward departure from the applicable
13 guideline range for aliens who are deportable." <u>United States v. Martinez-Ramos</u>, 184 F.3d 1055,
14 1058 (9th Cir. 1999). While a downward departure on the ground of deportable alien status may be
15 appropriate under extraordinary circumstances involving crimes unrelated to alienage, the sentencing
16 guidelines for crimes arising under §1325 and §1326 adequately take a defendant's alienage into
17 consideration. "Because deportable alien status is an inherent element of the crimes to which the
18 guideline applies, this factor was clearly 'taken into consideration by the Sentencing Commission in
19 formulating the guideline [ ]' (18 U.S.C. §3443(b)) and was accounted for in the offense levels it
20 established." <u>Id.</u> (quoting <u>United States v. Gonzalez-Portillo</u>, 121 F.3d 1122, 1124-25 (7th Cir.1997),
21 <u>cert. denied</u>, 522 U.S. 1061 (1998)). Consequently, the Motion is denied because a downward
22 departure based on Defendant's status as a deportable alien is simply not available to him.

23       In sum, the Motion is denied. The Clerk of Court is instructed to close the file.

24       **IT IS SO ORDERED.**

25 DATED: September 1, 2011

26                                                         _____

27                                                    Hon. Jeffrey T. Miller
                                                   United States District Judge

28 cc:        All parties